## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HERMAN M. AMOS**                                          **CIVIL ACTION**

**VERSUS**                                                         **NO.  24-1297**

**HOME DEPOT U.S.A., INC., et al.**                    **SECTION: "G"(4)**

## ORDER AND REASONS

This litigation involves a dispute over Home Depot stock owned by Plaintiff Herman M. Amos ("Plaintiff"). Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Home Depot, U.S.A., Inc. and Computershare Inc. ("Defendants").[1] Defendants argue the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] Plaintiff opposes the motion.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

On May 19, 2024, Plaintiff filed a complaint in this Court against Defendants.[4] Plaintiff is a 70-year-old former employee of Defendant Home Depot U.S.A., Inc. ("Home Depot").[5] While

---

[1] Rec. Doc. 46.

[2] *Id.*

[3] Rec. Doc. 50.

[4] Rec. Doc. 1.

[5] *Id.* at 1.

1

employed with Home Depot, Plaintiff alleges he participated in the Employee Stock Purchase Plan (the "ESPP").[6] Plaintiff alleges that Defendant Computershare, Inc. ("Computershare") was the transfer agent or shares management services agent of the ESPP.[7] Plaintiff purchased Home Depot securities through the Plan.[8]

Plaintiff states that in or about May 2013, he suffered a major medical event and stopped working for Home Depot.[9] Plaintiff alleges the medical event left him unable to recall how to access the account.[10] Plaintiff alleges that he asked Defendants for assistance in accessing his account, to no avail, and that Defendants intentionally or negligently dismissed his efforts and dispossessed him of his shares of stock and dividends.[11] Plaintiff further contends that Defendants transferred Plaintiff's shares to another classification stock without his knowledge or consent.[12] In the original Complaint, Plaintiff asserted claims of negligence, conversion, and breach of fiduciary duty.[13]

On September 20, 2024, Plaintiff filed a Motion for Leave to File an Amended Complaint, seeking to add additional context to some of the factual allegations and to convert his individual suit into a class action.[14] On October 15, 2024, Plaintiff filed a Motion for Leave to File a Second

---

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 4.

[13] *Id.* at 5–7.

[14] Rec. Doc. 14.

Amended Complaint, seeking to allege that the ESPP is subject to the Securities Exchange Act.[15] Defendants opposed both motions.[16] Thereafter, Defendants filed a Motion to Dismiss for Lack of Jurisdiction, arguing Plaintiff's claims were moot because Plaintiff regained access to his stocks.[17] Plaintiff argued his claims were not moot because of a loss of benefits associated with the now accessible stock.[18] On February 18, 2025, the Magistrate Judge denied both of Plaintiff's Motions to Amend the Complaint.[19] The Magistrate Judge found, in part, that the proposed class action claims were futile because Plaintiff's allegations were conclusory, unclear in the recitation of the elements of a class action, and failed to provide allegations that justified converting the case to a class action.[20]

On February 21, 2025, this Court issued an Order dismissing the Motion to Dismiss as moot and granting Plaintiff leave to file an Amended Complaint.[21] Considering that Plaintiff had the opportunity to review Defendants' Motion to Dismiss and the Magistrate Judge's Order denying both Motions for Leave to File Amended Complaints, the Court reasoned that Plaintiff was in a better position to file a sufficient Amended Complaint, if possible.[22]

---

[15] Rec. Doc. 22.

[16] Rec. Docs. 19, 31.

[17] *See* Rec. Doc. 35.

[18] *See* Rec. Doc. 39.

[19] Rec. Doc. 41.

[20] *Id.* at 11.

[21] Rec. Doc. 44.

[22] *Id.*

Plaintiff filed the Amended Complaint on February 28, 2025.[23] In the Amended Complaint, Plaintiff reiterates all of the allegations raised in the Original Complaint.[24] In addition to the original individual claims, Plaintiff adds class allegations.[25] Plaintiff alleges Defendants reinvested former employees' dividends under the ESPP without applying a 15% discount to the market price for Home Depot stock and moved former employees' stock from the ESPP without their knowledge.[26] Plaintiff asserts that this conduct supports "a federal securities class action on behalf of employee investors in the Employee Stock Purchase Plan of Home Depot, Inc. during the participation period of the Plaintiff (Amos)."[27]

On March 14, 2025, Defendants filed the instant Motion to Dismiss Plaintiff's Amended Complaint.[28] On March 24, 2025, Plaintiff filed an opposition to the motion.[29] On March 31, 2025, Defendants filed a reply brief.[30] On April 8, 2025, Plaintiff filed a sur-reply brief.[31]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion to Dismiss*

Defendants argue that Plaintiff failed to follow the Court's guidelines for amending the Complaint.[32] Defendants suggest that the Court authorized Plaintiff to file an Amended Complaint

---

[23] Rec. Doc. 45.

[24] *Id.* at 1.

[25] *Id.* at 6–9.

[26] *Id.* at 7–8.

[27] *Id.* at 6.

[28] Rec. Doc. 46.

[29] Rec. Doc. 50.

[30] Rec. Doc. 52.

[31] Rec. Doc. 57.

[32] Rec. Doc. 46-1 at 1–2.

to address the mootness of his original claims, as well as to plead any non-futile additional claims.[33] Instead, Defendants suggest that Plaintiff restates his entire original Complaint, without adding a single allegation to it, and purports to reassert the very same class action claims that the Magistrate Judge rejected.[34]

Defendants raise four arguments as to why Plaintiff has failed to state a class action claim.[35] First, Defendants argue the securities-fraud allegations are insufficient under the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").[36] Defendants assert the complaint must: (1) specify each alleged misleading or fraudulent statement; (2) identify the speaker; (3) state when and where the statement was made; (4) plead with particularity the contents of the false representations; (5) plead with particularity what the person making the misrepresentation obtained thereby; and (6) explain why the statement is misleading or fraudulent.[37]

Second, Defendants argue that Plaintiff's class action claim fails because the ESPP only applies to current employees, not former employees like Plaintiff.[38] Defendants assert the ESPP simply does not provide for a 15% discount for the reinvestment of dividends received by a former or current associate.[39] Similarly, Defendants assert the ESPP does not provide for a discount to any

---

[33] *Id.* at 2.

[34] *Id.*

[35] *Id.* at 9–13.

[36] *Id.* at 9.

[37] *Id.* at 9–10.

[38] *Id.* at 10.

[39] *Id.*

stock purchases at all by former Home Depot associates like Plaintiff.[40] Defendants suggest these unambiguous terms foreclose any proposed class allegations.[41]

Third, Defendants also argue the class action claims are time barred because fraud claims under the Securities Exchange Act "may be brought not later than the earlier of: (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation."[42] Plaintiff alleges Defendants failed to apply the discount to dividend reinvestments on March 29 and June 19, 2019.[43] Defendants assert the statute of repose ran as to those transactions on March 29 and June 19, 2024, respectively.[44]

Fourth, Defendants argue the class action allegations do not comply with Rule 23 or Local Rule 23.1.[45] Defendants point out that Plaintiff has not alleged the basis upon which he claims to be an adequate representative of the class or the grounds for maintenance of a class action.[46] Defendants also assert Plaintiff fails to comply with the PSLRA's certification requirement for class actions as he does not plead that he: (1) is not acting at the behest of counsel, (2) is familiar with the subject matter of the complaint, and (3) has authorized initiation of the action.[47]

---

[40] *Id.* at 11.

[41] *Id.*

[42] *Id.* at 12 (citing 28 U.S.C. § 1658(b)).

[43] *Id.*

[44] *Id.* at 12–13.

[45] *Id.* at 13.

[46] *Id.*

[47] *Id.* at 14.

Finally, Defendants contend that Plaintiff's individual claims should be dismissed as moot because Plaintiff has obtained full ownership, possession, and control of his Home Deport shares.[48] Defendants argue that Plaintiff's claims are moot and should be dismissed for lack of subject matter jurisdiction.[49]

## B.    *Plaintiff's Arguments in Opposition to Motion to Dismiss*

In opposition, Plaintiff argues that the Magistrate Judge's Order is not the law of the case as it was overruled by this Court's Order granting him leave to file an Amended Complaint.[50] Plaintiff asserts he has alleged particularized facts as required by Rule 9(b) and the PSLRA.[51] Plaintiff contends a flaw in the ESPP denies participants the full benefits outlined in the ESPP.[52] Plaintiff argues he was entitled to a 15% discount on purchases made with funds from his payroll deduction account.[53] Plaintiff asserts Defendants have not made dividends reinvestments in accordance with the 15% discount.[54] Plaintiff asserts he has sustained losses due to Defendants' actions.[55] Plaintiff argues the claims are not time barred because Defendants continue to engage in this dividend reinvestment practice.[56]

---

[48] *Id.* at 14–15.

[49] *Id.* at 15.

[50] Rec. Doc. 50 at 2.

[51] *Id.* at 3.

[52] *Id.*

[53] *Id.* at 4.

[54] *Id.* at 5.

[55] *Id.*

[56] *Id.* at 8.

Plaintiff contends the Amended Complaint meets the heightened pleading requirements for a punitive class action.[57] According to Plaintiff, the allegations in the Amended Complaint are evidence of a pattern and practice by Defendants in the administration, charges, and payments of shares under the ESPP, which have denied Plaintiff and members of the putative class full benefits of earnings under the ESPP.[58] Plaintiff asserts at least 500 employees are putative class members.[59] He contends these employees have sustained an average loss of at least 3 shares per year for 15 years.[60] Plaintiff asserts Defendants have arbitrarily moved stock from the ESPP to the DepotDirect common stock and arbitrarily used stock dividends reinvestments to purchase DepotDirect common stock without the benefit of the 15% discount applicable under the ESPP.[61]

Plaintiff asserts his claim that Defendants denied him access to his Home Depot account is not moot.[62] Although he now has access to his account, Plaintiff argues this does not resolve his claims regarding Defendants' breach of fiduciary duties.[63] Contrary to Defendants' assertion, Plaintiff maintains that the Court can provide meaningful relief in the form of a declaratory judgment and monetary damages.[64]

Plaintiff submits that the voluntary cessation doctrine also prevents dismissal because Defendants fail to meet their burden of demonstrating that the challenged conduct—the operation

---

[57] *Id.* at 9.

[58] *Id.*

[59] *Id.* at 10.

[60] *Id.*

[61] *Id.* at 11.

[62] *Id.* at 12.

[63] *Id.*

[64] *Id.* at 13.

and management of the plan—cannot reasonably be expected to continue.[65] Plaintiff asserts that several unresolved issues remain regarding Defendants' unilateral decision or authority to transfer stock from Home Depot ESPP to Home Depot Common Stock and reinvestment stock purchases under the ESPP at the higher common stock value.[66]

Plaintiff asserts that he continues to suffer collateral consequences as a result of Defendants' actions.[67] This includes the loss of benefits associated with stock purchases that should have been made under the 15% reduction price in the ESPP, as well as the financial impact of the dividend reinvestment.[68] In response to Defendants' argument that Plaintiff failed to provide a sworn certification as required by the PSLRA, Plaintiff attaches a sworn certification to the opposition brief.[69] For these reasons, Plaintiff urges this Court to deny Defendants' Motion to Dismiss on ground of mootness.[70]

## C.    *Defendant's Arguments in Further Support of Motion to Dismiss*

In reply, Defendants assert Plaintiff's claim that Defendants overcharged him on dividend reinvestments fails because he had no right to a discount related to dividends.[71] Defendants argue the ESPP does not entitle associates to a 15% discount on stock the individual may buy with dividends earned on existing holdings.[72] Under the ESPP, Defendants suggest current associates

---

[65] *Id.* at 14–15.

[66] *Id.* at 15.

[67] *Id.*

[68] *Id.*

[69] Rec. Doc. 50-3.

[70] Rec. Doc. 50 at 16.

[71] Rec. Doc. 52 at 2.

[72] *Id.*

get a 15% discount for stock purchases only when the ESPP buys stock in July or December from the Payroll Deduction Account of an enrolled associate who made a payroll contribution during the preceding six months.[73] Additionally, Defendants argue only current employees are ESPP participants.[74] Defendants contend Plaintiff's claim that Defendants "applied . . . funds [from Participant's Payroll Deduction Account] as Dividend Reinvestment to purchase additional Home Depot Common Stock Shares" is illogical.[75] Defendants assert nothing in the ESPP provides that stock dividends qualify as payroll deductions that go into a Payroll Deduction Account.[76]

Next, Defendants argue the sworn certification attached to the opposition is untimely and deficient.[77] Defendants point out that the Amended Complaint does not define the class period.[78] Defendants assert Plaintiff has not published "a notice advising members of the purported class" in "a widely circulated national business-oriented publication or wire service" within 20 days of filing the complaint.[79] Defendants suggest that these violations show Plaintiff is an inadequate class representative.[80] For these reasons, Defendants argue the proposed class action claims should be dismissed.[81]

---

[73] *Id.* at 2–3.

[74] *Id.* at 3.

[75] *Id.* at 4.

[76] *Id.* at 5.

[77] *Id.* at 6.

[78] *Id.*

[79] *Id.*

[80] *Id.* at 7.

[81] *Id.*

Finally, Defendants assert Plaintiff's original claims are moot.[82] Defendants point out the voluntary cessation doctrine only applies to claims for injunctive relief, and Plaintiff does not seek injunctive relief on the issue of access to his account.[83] For these reasons, Defendants argue the individual claims are moot.[84]

### D.    Plaintiff's Arguments in Further Opposition to the Motion to Dismiss

In the sur-reply brief, Plaintiff argues the ESPP does not contradict the pleadings.[85] Plaintiff asserts Defendants have not followed the ESPP as promulgated.[86] Plaintiff contends he published notice of the filing of the Complaint on Access Wire on March 27, 2025.[87] Plaintiff argues the failure to comply with the early notice requirement should not result in dismissal.[88] Plaintiff asserts courts need not strictly interpret the PSLRA requirements if the necessary information is comprehensible and readily available.[89]

## III. Legal Standard

### A.    Legal Standard for Rule 12(b)(6) Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[90] A motion to dismiss for failure to state

---

[82] *Id.*

[83] *Id.* at 8.

[84] *Id.*

[85] Rec. Doc. 57 at 1.

[86] *Id.*

[87] *Id.* at 2.

[88] *Id.* at 3.

[89] *Id.*

[90] Fed. R. Civ. P. 12(b)(6).

a claim is "viewed with disfavor and is rarely granted."[91] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[92] "Factual allegations must be enough to raise a right to relief above the speculative level."[93] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[94]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[95] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[96] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[97] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[98] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[99] That is, the complaint must offer more than an "unadorned, the-defendant-

---

[91] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[92] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[93] *Twombly*, 550 U.S. at 555.

[94] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[95] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[96] *Iqbal*, 556 U.S. at 678–79.

[97] *Id.* at 679.

[98] *Id.* at 678.

[99] *Id.*

unlawfully-harmed-me accusation."[100] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[101] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[102]

**B.    *Legal Standard for Rule 12(b)(1) Motions to Dismiss***

An action should be dismissed as moot pursuant to Federal Rule of Civil Procedure 12(b)(1) "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome."[103] "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."[104] "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[105] A case becomes moot if the following conditions are satisfied: "(1) it can be said with assurance that "there is no reasonable expectation . . . that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[106]

---

[100] *Id.*

[101] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[102] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[103] *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 498 (1969)).

[104] *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016) (quoting *Already, LLC v. Nike, Inc.*, 569 U.S. 85, 90–91 (2013)).

[105] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)).

[106] *Los Angeles Cnty.*, 440 U.S. at 631 (internal citations omitted).

The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that governing Rule 12(b)(6) motions except that Rule 12(b)(1) allows a court to consider a broader range of materials.[107] In ruling on a Rule 12(b)(1) motion to dismiss, a court may rely on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[108]

## IV. Analysis

### A.    *Class Action Claims*

Defendants argue that the class allegations do not satisfy the pleading requirements of Rule 9(b), fail to state a claim because they contradict the terms of the ESPP, and fail to meet the pleading requirements of Rule 23.[109] Each argument is addressed in turn.

### 1.    Pleading Requirements of Rule 9(b) and the PSLRA

In the Amended Complaint, Plaintiff asserts "a federal securities class action on behalf of employee investors in the Employee Stock Purchase Plan of Home Depot, Inc. during the participation period of the Plaintiff (Amos)."[110] The heightened pleading standards of Rule 9(b) and the PSLRA apply to private litigants' claims under the Securities Exchange Act of 1934.[111] Rule 9(b), which applies where there are allegations of fraud, requires the pleading party to "state with particularity the circumstances constituting fraud or mistake."[112] The PSLRA requires the

---

[107] *Williams v. Wynne*, 533 F.3d 360, 365 n. 2 (5th Cir. 2008).

[108] *Id.* (quoting *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986)).

[109] Rec. Doc. 46-1 at 8–14. The Court does not reach Defendants' argument regarding timeliness.

[110] Rec. Doc. 45 at 6.

[111] *Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726, 729 (5th Cir. 2019).

[112] Fed. R. Civ. P. 9(b).

party to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . all facts on which that belief is formed."[113] Additionally, the party must allege facts "giving rise to a strong inference that the defendant acted with the required state of mind."[114] If a complaint does not meet these standards, "the court shall, on the motion of any defendant, dismiss the complaint[.]"[115]

The Fifth Circuit has "coalesced the pleading requirements in the PSLRA and Rule 9(b) into a succinct directive for litigants."[116] A plaintiff must: (1) specify each alleged misleading or fraudulent statement; (2) identify the speaker; (3) state when and where the statement was made; (4) plead with particularity the contents of the false representations; (5) plead with particularity what the person making the misrepresentation obtained thereby; and (6) explain why the statement is misleading or fraudulent.[117] The Amended Complaint does not contain any factual allegations that would support any of these elements. Therefore, Plaintiff has not plead facts with sufficient detail to meet the Rule 9(b) and PSLRA pleading requirements.

### 2.    Failure to State a Claim

Plaintiff's proposed class allegations are that Defendants "have denied Plaintiff and members of the putative class full benefits of earnings" under the ESPP.[118] Specifically, Plaintiff

---

[113] 15 U.S.C. § 78u-4(b)(1)(B).

[114] *Id.* at § 78u-4(b)(2).

[115] *Id.* at § 78u-4(b)(3)(A).

[116] *Goldstein v. MCI WorldCom*, 340 F.3d 238, 245 (5th Cir. 2003) (citing *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

[117] *Id.*

[118] Rec. Doc. 45 at 6.

alleges that Defendants "arbitrarily acted to move stocks belonging to former employees and/or participants from the [ESPP] without their knowledge or consent, to the DepotDirect common stock."[119] Plaintiff also alleges that Defendants "arbitrarily acted to use stock Dividends Reinvestments, belonging to current former employees, without their knowledge or consent, to purchase DepotDirect common stock; without the benefit of the [15%] discount applicable under" the ESPP.[120]

Defendants argue that these allegations contradict the ESPP. The Court can consider the terms of the ESPP in ruling on the instant motion to dismiss because the Amended Complaint incorporates the ESPP by reference.[121] If an allegation contained in the Complaint is contradicted by the contents of such an exhibit, "then indeed the exhibit and not the allegation controls."[122] The unambiguous terms of the ESPP contradict Plaintiff's argument and foreclose Plaintiff's class allegations.

The stated purpose of the ESPP "is to provide Employees of the Company and its Designated Subsidiaries with an opportunity to purchase Common Stock of the Company on a payroll or other compensation deduction basis."[123] The ESPP defines the term "employee" as "any person who performs services for, and who is classified as an employee on the payroll records" of Home Depot or a designated subsidiary.[124] It defines "purchase price" to mean "an amount equal

---

[119] *Id.* at 7.

[120] *Id.* at 7–8.

[121] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

[122] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

[123] Rec. Doc. 46-5 at 2.

[124] *Id.* at 3.

to 85% of the Fair Market Value of a Share on the Purchase Date."[125] The ESPP further provides that any or all employees whose customary employment is not for more than twenty hours per week or five months per year are excluded from participation, and it imposes an eligibility service requirement of up to two years of employment.[126] To become a participant in the ESPP, the employee must complete a payroll deduction authorization form and any other required documents.[127] The ESPP provides that if an employee's employment terminates during the purchase period due to disability or retirement the balance will either be distributed or held until the end of the purchase period and applied to purchase shares in accordance with Section 7.[128] Section 7 says that the shares could either be whole or fractional and will be held until a share could be purchased at the purchase price on the purchase date.[129] Pursuant to Section 7, as soon as practicable after the purchase date, the shares are transferred to an account in that associate's name held by Computershare.[130]

Plaintiff does not allege that he was an active employee at the time of the stock purchase. In fact, Plaintiff alleges that he is a former employee of Home Depot.[131] The plain terms of the ESPP make clear that it does not provide for a 15% discount for the reinvestment of dividends received by a former employee. The ESPP provides for a 15% discount only when the ESPP buys stock from the Payroll Deduction Account of an enrolled associate who made a payroll

---

[125] *Id.*

[126] *Id.*

[127] *Id.*

[128] *Id.* at 5.

[129] *Id.* at 4.

[130] *Id.*

[131] Rec. Doc. 1 at 2.

contribution to the ESPP during the preceding six months. The ESPP does not provide for a discount for any subsequent stock purchased through a reinvestment of dividends. The ESPP also provides that as soon as practicable after the purchase date, the shares are transferred to an account in that associate's name held by Computershare. Therefore, Plaintiff's proposed class allegations that Defendants should have reinvested dividends at a 15% discount and that he had the right to maintain his shares in the ESPP, rather than in a DepotDirect account, fail as a matter of law based on the clear terms of the ESPP.

### 3.    Pleading Requirements of Rule 23

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure.[132] A proposed class must meet the initial requirements established by Federal Rule of Civil Procedure 23(a): (1) numerosity of parties; (2) commonality of legal and factual issues; (3) typicality of the claims and defenses of the class representatives; and (4) adequacy of the representation by the class representatives.[133] Additionally, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b),"[134] which sets forth the types of actions that may be maintained as a class action.

Plaintiff relies on Rule 23(b)(1)(A), which provides for class certification where "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."[135] As the Supreme Court has recognized, Rule 23(b)(1)(A) "takes in cases where the party is obliged by law to treat the members

---

[132] Fed. R. Civ. P. 23.

[133] Fed. R. Civ. P. 23(a); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).

[134] *Dukes*, 564 U.S. at 345.

[135] Fed. R. Civ. P. 23(b)(1)(A).

of the class alike (a utility acting toward customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity (a riparian owner using water as against downriver owners)."[136]

"At the pleadings stage, a court has two avenues to eliminate class allegations."[137] Under Rule 23(d)(1)(D), a court may strike class allegations if the pleadings fail to set forth the "minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate."[138] Pursuant to Rule 12(b)(6), if "it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."[139]

Local Rule 23.1 also provides that a class action complaint must include "allegations thought to justify the maintenance of the claim as a class action" such as: (1) "the size and definition of the alleged class;" (2) "the basis upon which the plaintiff claims to be an adequate representative of the class;" and (3) "[t]he alleged questions of law or fact claimed to be common to the class."[140] The Amended Complaint recites these requirements in a conclusory fashion. However, Plaintiff does not plead any facts to support these conclusions. Additionally, it is facially apparent from the pleadings that there is no ascertainable class because Plaintiff's allegations contradict the clear terms of the ESPP discussed above.

**B.    *Individual Claims***

Plaintiff also brings individual claims against Defendants. Plaintiff alleges that Defendants: (1) were negligent for failing to review Home Depot's records to locate and communicate with

---

[136] *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (internal citations omitted).

[137] *Gaudet v. Howard L. Nations, APC*, No. 19-10356, 2020 WL 6118185, at *15 (E.D. La. Oct. 16, 2020) (internal citations omitted).

[138] *Id.*

[139] *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).

[140] LR 23.1.

Plaintiff before taking any action to transfer his shares; (2) exercised unauthorized control over his shares by transferring them from the Home Depot ESPP to the Home Depot Common Stock; and (3) breached their fiduciary duty by failing to protect Plaintiff's shares and by unilaterally dispossessing Plaintiff of his shares in the ESPP.[141]

Defendants argue that these claims are moot because Plaintiff now has access to his Home Depot account. At the pleading stage, this Court must liberally construe Plaintiff's claims in his favor and presume all pleaded allegations to be true. Plaintiff alleges that Defendants' intentional or negligent actions resulted in the loss of possession and ownership of Plaintiff's shares and the associated benefits within the ESPP.[142] As Plaintiff correctly asserts, regaining access to the Home Depot account does not resolve the remaining issue of whether Defendants breached a fiduciary duty to Plaintiff. Thus, Defendants have not shown that Plaintiff's individual claims are moot under Federal Rule of Civil Procedure 12(b)(1).

### V. Conclusion

For the reasons discussed above, the class allegations do not satisfy the pleading requirements of Rule 9(b), fail to state a claim because they contradict the terms of the ESPP, and fail to meet the pleading requirements of Rule 23. Plaintiff was previously granted leave to file an Amended Complaint to address these pleading deficiencies, and he failed to do so. Therefore, the Court finds it would be futile to allow an additional opportunity for amendment and dismisses the class allegations. However, the Court denies the motion to the extent it seeks dismissal of the individual claims as Defendants have not shown that the individual claims are moot. Accordingly,

---

[141] Rec. Doc. 1 at 5–7; Rec. Doc. 45 at 1 (incorporating all claims raised in the original Complaint by reference).

[142] Rec. Doc. 1 at 6–7.

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint[143] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** to the extent it seeks dismissal of the proposed class allegations. The motion is **DENIED** to the extent it seeks dismissal of the individual claims.

**IT IS FURTHER ORDERED** that the proposed class allegations raised in the Amended Complaint are **DISMISSED.**

**NEW ORLEANS, LOUISIANA,** this __6th__ day of November, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[143] Rec. Doc. 46.